Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ann C. Williams | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2364 | **DATE** | 4/21/2000 |
| **CASE TITLE** | HENRIETTA MOMOT vs. CHAMPION TECHNOLOGIES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Pursuant to memorandum opinion and order the court denies defendant's 12(b)(6) motion to dismiss. Reassignment order to follow.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 26 2000 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DL | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HENRIETTA MOMOT ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAMPION TECHNOLOGIES, ) <br> Sometimes referred to as ) <br> CHAMPION TECHNOLOGY or ) <br> CHAMPION TECHNOLOGIES, INC., ) <br> ) <br> Defendant. ) | DOCKETED <br> APR 26 2000 <br><br> Case No. 98 C 2364 <br><br> APR 26 2000 |

## MEMORANDUM OPINION AND ORDER

Defendant, Champion Technologies Inc. ("Champion") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant maintains that Plaintiff Henrietta Momot ("Momot") failed to serve Champion with her complaint, alleging violation of the Americans with Disabilities Act ("ADA"), within the 120 day period provided by Federal Rule of Civil Procedure 4(m) and that Momot's amended complaint is barred by the ADA's ninety day statute of limitations. For the reasons set forth below, this court denies defendant's motion to dismiss this case with prejudice.

## Background

Momot worked for defendant since January of 1990. (Pl.'s Resp. at Ex. A.) She began as an Assembler and, in 1992, became a Finish Plater. (Id.) The "essential function [of a Finish Plater] was to manually wipe and clean small parts." (Id.) In 1996, defendant began requiring the Finish Platers to vacuum the department area. (Id.) The vacuuming was to be performed on a rotation basis, requiring about fifteen minutes every five working days. (Id.) Momot suffers from a pre-existing back injury. (Id.) Although she attempted to perform the vacuuming, she experienced pain and provided defendant with a doctor's note confirming her back condition. (Id.) Momot alleges that defendant "unlawfully discriminated against [her] when it refused to accommodate her disability and terminated her for refusing to perform a non essential function of her job which further injured her back." (Id.)

On June 25, 1998, the Equal Employment Opportunity Commission ("EEOC") received Momot's charge of discrimination against defendant. (Id.) Momot received a right to sue letter from the EEOC on January 15, 1998 that also notified Momot that she needed to file suit in court within

ninety days. (Pl.'s Resp. at Ex. B.) On April 16, 1998, Momot filed a complaint alleging violations of the ADA against defendant. (Def.'s Mot. at 2.) This complaint was never served on defendant. (Id.)

On October 14, 1998, this court gave Momot an extension until the "end of November" to serve the defendant. Audio tape of Judge Williams status hearing (Oct. 18, 1998) (on file with Clerk of the Court). Momot then filed an amended complaint on October 19, 1998 against defendant that changed the name of the defendant, but remained the same in all other respects.[1] Champion received service of the amended complaint on October 20, 1998. (Def.'s Mot. at 2.)

On November 9, 1998, defendant filed a motion to dismiss arguing that defendant had not been served within 120 days, as required by the Federal Rule of Civil Procedure 4(m), and that Momot failed to file the discrimination claim within the ADA's ninety-day statute of limitations period. (Def's. Mot. at 1.)

---

[1] The complaint changed the defendant's name from "Champion Technologies" to "Champion Technologies, sometimes referred to as Champion Technology and sometimes referred to as Champion Technologies Inc." Compare Def.'s Mot. at App. A with App. B.

## Analysis

The standard of review, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, requires that this court "accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir. 1995) (citing Zinermon v. Burch, 494 U.S. 113, 118 (1990)).

Momot's clearly filed her amended complaint well after the ninety day statute of limitations had expired. The amended complaint will be barred by the statute of limitations unless it "relates back" to the original complaint's filing date. Federal Rule of Civil Procedure 15(c)(3) allows the date of an amended complaint to "relate back" to the date of the original complaint's filing date if four prerequisites are met. These prerequisites include: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the

proscribed limitations period. See Schiavone v. Fortune, 477 U.S. 21, 29 (1986); see also Wilke v. Bob's Route 53 Shell Station, 36 F. Supp. 2d 1068, 1072 (N.D. Ill. 1999); Worthington v. Wilson, 8 F.3d 1253, 1255-56 (7th Cir. 1993).

The Federal Rule of Civil Procedure 15(c)(3) applies when "an amendment to a pleading changes the naming of a party against whom a claim is asserted." Wilke, 36 F. Supp. 2d 1068, 1072 (N.D. Ill. 1999) see also Worthington, 8 F.3d at 1255. Furthermore, the "Seventh Circuit instructs that the Federal Rules of Civil procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits . . . . To this end, amendment pursuant to Rule 15(c) should be freely allowed." Wilke, 36 F.Supp. 2d at 1072.

The first prerequisite of Rule 15(c)(3) provides that the claims contained in the amended complaint arise from the same conduct set forth in the original complaint. Momot's amended complaint remained exactly the same except for the change of defendant's name. Compare Def.'s Mot. at App. A with App. B.

Both the second and third prerequisites for application of Rule

15(c)(3) necessitate that the defendant receive notice within the period of the proscribed limitations. Defendants argue that an extension of service under Rule 4(m) may *only* be granted if the plaintiff shows good cause. (Def's Reply Br. at 2) (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996)). Panaras, however, notes that the court retains discretion, even absent a showing of good cause to "enlarge the 120-day period." Panaras, 94 F.3d at 340-41 (citing Henderson v. United States, 116 S. Ct. 1638, 1643 (1996)); see also Fed. R. Civ. P. 4(m). This court, on October 14, 1998 gave Momot an extension to serve the defendant until the "end of November." Audio Tape of Judge Williams status hearing (Oct. 18, 1998) (on file with Clerk of the Clerk). Defendant was served the amended complaint on October 20, 1998, well within the judicially-granted extension.[2] (Def.'s Mot. at 2.)

In fact, "notice" does not necessarily require service according to

---

[2] Defendant also argues that the case should be dismissed because the original complaint was never served. (Def.'s Reply Br. at 2.) According to Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Therefore, the original complaint need not have been served on the defendant.

the Seventh Circuit. In Maxey, the plaintiff's amended complaint added a defendant that was not named in the original complaint, but was named in the EEOC charge. See Maxey v. Thompson, 680 F.2d 524, 526 (1982). The court reasoned that the defendant "was put on notice, by the charge that the plaintiff had filed with EEOC, that it might be sued, and since it should have known that but for the plaintiff's mistake the action would have been brought against it, Rule 15(c) of the Federal Rules of Civil Procedure required that the amendment be allowed and that it relate back to the date of the original complaint, which was filed within the 90-day period that a Title VII plaintiff has to sue after receiving a 'right to sue' letter from the EEOC . . . and hence was timely." Id. [3]; see also Wilke, 36 F. Supp. 2d at 1072-73. The defendant received service within the time provided by this court and was also put on notice by

---

[3] Although both Maxey and Wilke involve pro se plaintiffs, and the notice requirement could be read to avoid harsh results for pro se litigants, the court relied in part on the decision in Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890 (7th Cir. 1981). See Maxey, 680 F.2d at 526; Wilke, 36 F. Supp. 2d at 1071-72. Specifically, Eggleston noted that an EEOC "charge serves to notify the charged party of the alleged violation and brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." Eggleston, 657 F.2d at 905. Eggleston noted that "where an unnamed party has been provided with adequate notice of the charge . . . the charge is sufficient to confer jurisdiction over that party." Id. Champion Technologies was named in Momot's EEOC complaint and this court concludes that, under Eggleston, Champion had sufficient knowledge.

being named on Momot's EEOC complaint. (Compl. Am. Resp. at Ex. A.) In addition, this court's docket report indicates that the court mailed defendant several notices informing Champion of status hearings. This provided constructive notice of the lawsuit. (Def.'s Reply Br. at App. A.)

Finally, Rule 15(c)(3) requires that the defendant receive "such notice that it will not be prejudiced in maintaining its defense." Schiavone, 477 U.S. at 29. Defendant does allege that it has been prejudiced by the delay in service. (Def.'s Mot. at 4-5.) Defendant, however, provides no substantiation for this allegation. Therefore, because defendant had notice of plaintiff's allegations from the EEOC charge and because of this court's mailed notices regarding the scheduled status hearings, the court fails to find any prejudice from the delay in service. In short, since the court granted an extension for service and, at a minimum, the defendant had notice of the lawsuit, the dismissal of Momot's complaint is inappropriate. The court therefore denies defendant's motion to dismiss.

## Conclusion

For the reasons stated above, the court denies defendant's 12(b)(6) motion to dismiss. The court urges the parties to discuss settlement before the next court date.[4]

ENTER:

*Ann Claire Williams*
**Ann Claire Williams,
Judge**

**Dated: April 21, 2000**
g:\civ.opn\Momot.wpd

---

[4] Due to an error in the record, the court was unable to detect the existence of a pending motion in this case. The motion did not show up on the court's tracking system, nor did anyone make any inquiries regarding the status of the pending motion. For this reason, the court was unable to rule in a timely manner.